## Aronowitz v. Industrial Utilities Corporation.

*Prohibition enforcement—Incomplete levy on alcohol seized by Federal agents—Right of sheriff to instructions from court—Declaratory judgments—Acts of March 27, 1923, and June 18, 1923.*

1. Under the Declaratory Judgment Act of June 18, 1923, P. L. 840, as well as by virtue of the inherent control which the court has over its own writ, a sheriff who has made an incomplete levy upon alcohol which is thereafter seized by Federal agents before he can complete the levy, is entitled to the instructions of the court as to his duty in the premises.

2. There is nothing in the Prohibition Enforcement Act of March 27, 1923, P. L. 34, which prohibits a sheriff from making a levy and sale of alcohol.

3. Where alcohol upon which a sheriff has made an incomplete levy has been seized by Federal agents, who inform him that they are willing that the alcohol in Federal custody shall be removed upon condition that only a qualified permittee under the Acts of Congress shall be allowed to purchase at the sale, that accrued storage charges shall be paid out of the fund, and that the purchaser pay certain taxes if the alcohol is used for taxable purposes, the sheriff may agree, in order to obtain possession of the alcohol, that it shall be sold only to a permittee under the Acts of Congress, and may arrange for the payment of storage charges by requiring plaintiff to advance or secure them prior to the sale, although he cannot make them a charge on the fund, and he may also agree to sell upon a distinct understanding with the purchasers that they take the property subject to liability to pay Federal taxes.

Rule on sheriff to show cause why he should not proceed with an execution. C. P. No. 3, Phila. Co., Sept. T., 1923, No. 9565.

*Harry Shapiro*, for plaintiff; *Martin G. Stein*, for defendant.

FERGUSON, J., Jan. 13, 1925.—This is a rule on the sheriff to show cause why he should not proceed with an execution.

It appears that execution issued, commanding the sheriff to seize 169 barrels, more or less, of alcohol. Before the writ could be completely executed, the alcohol was seized by agents of the Internal Revenue Service of the Treasury Department of the United States and stored in a bonded warehouse. Subsequently a rule was granted to show cause why the judgment should not be opened, which rule was ultimately discharged. Plaintiff now seeks to have the writ executed, and the sheriff is informed by the Federal agents that they are willing that the goods shall be removed under the conditions that the sale be made only to a qualified permittee under the Acts of Congress, and that

the accrued storage charges be paid out of the fund, and that the purchaser shall pay certain taxes if the alcohol is used for taxable purposes.

The sheriff has made no formal answer to the rule, but has informally raised certain questions, as to which he desires instructions from the court under the Declaratory Judgment Act of 1923, as well as by virtue of the inherent control which the court has over its own writ.

In our opinion, there is nothing in the Act of March 27, 1923, P. L. 34, which prohibits the sheriff from making a levy and sale of alcohol. This commodity is used in enormous quantities in ways that are not prohibited by law, and there is no presumption, from its possession, that it is to be used in violation of the Pennsylvania statute. Such presumption might arise in a criminal prosecution, but it would not arise upon an execution. We, therefore, see no reason why the sheriff should not execute the writ. To hold otherwise would permit a manufacturer of alcohol to purchase the grain used in its manufacture and successfully resist the collection of the claim of the charges for that grain.

The only remaining question for consideration is the one which relates to the conditions imposed by the Federal authorities. We see no reason why the sheriff should not regard these conditions. Since a private sale could not be made to any one other than a permittee, under the Acts of Congress, the same restriction would naturally apply to a sale made by the sheriff. As to storage charges, the sheriff can provide for them by requiring the plaintiff to advance or secure them prior to the sale. There is no way in which the sheriff or this court can make them charges on the fund. Neither can we see any reason why purchasers at the sale should not receive notice that the sale is made subject to the liability of the purchaser to pay taxes thereon, if the alcohol is used for taxable purposes.

### Order.

And now, to wit, Jan. 13, 1925, it is ordered and directed that the sheriff proceed with the execution of the writ, subject to the conditions imposed by the United States Revenue authorities. The rule, therefore, is made absolute, subject to those conditions.